CHIEF JUSTICE LINDSAY
delivered the opinion of the court.
J. B. Finnell sued tbe personal representative and the heirs-at-law of the surety in the bond of the deceased guardian of his wife, Mary Finnell, late Roberts. Afterward on the 15th of October, 1873, he filed an amended petition and made his wife a co-plaintiff, and by a second amended petition filed April 28, 1874, they, stated facts constituting a perfect cause of action in her favor, and united in the prayer for her relief.
The ward intermarried- with Finnell in December, 1864. She completed her twenty-first year in October, 1869.
The appellees pleaded and relied on the statute of limitations as a bar to the action. Their plea was sustained, and, the petition of the appellants having been dismissed, they appeal to this court and ask a reversal of the judgment of dismission.
By section 1, article 3, chapter 63 of the Revised Statutes *178 it was provided that an action on the official bond of a guardian should be commenced within fifteen years after the cause of action first accrued.
Sec. 7 of the same article and chapter declared that the right of action on such bond should not be deemed to have accrued unless otherwise expressed in the covenant before the plaintiff attained the age of twenty-one years.
The marriage of the ward terminated the guardianship, and entitled her to demand a settlement by the guardian of his accounts; and her husband being an adult at the time, there was then a person who might lawfully have assumed the attitude of plaintiff in an action on the guardian’s bond, and hence, for the purpose of the fifteen-year limitation provided for by the first section, the cause of action then accrued. But the necessary time not having elapsed without suit, the appellees do not and can not rely on the provisions of that section. They rest their claim to exemption from liability on sec. 13, chap. 97, Revised Statutes, which provides that “a surety for an executor, administrator, guardian, or curator, or for a sheriff to whom a decedent’s estate has been transferred, shall be discharged from all liability as such, to a distributee, devisee, or ward, when five years shall have elapsed without suit, after the accruing of the cause of action, and after the attaining of full age by the devisee, distributee, or ward; but the laches of one shall not affect the rights of another.”
We need not stop to inquire as to the effect of this statute against the husband of a female ward, who sues without making his wife a co-plaintiff, if indeed he can so sue. In this case the wife was made a co-plaintiff within less than five years after she attained full age, and joined with her husband in stating a cause of action and in asking judgment on the guardian’s bond, and from that time forward the action progressed, in accordance with the requisitions of the 49th section of the Civil Code of Practice.
*179 To sustain tbe plea of limitation under this section of the statute it was necessary that five years should have elapsed after the cause-of action accrued and after the ward attained full age. It may be admitted the cause of action accrued so soon as the guardianship was terminated by the marriage of the ward; but the accrual of the cause of action in her favor, she being an infant, was not sufficient. Before the statute would commence to run it was necessary not only that she and her husband should have the right to sue, but that she should have attained full age. This is the unmistakable language of the statute. There is no room for construction; and as the appellees do not bring themselves within its provisions, their plea should have been overruled.
It is a difficult matter even to approximate the sum for which a recovery should be had. The guardian was the brother of the ward. He made no reports to the county court, and seems to have kept no accounts as to the first two years of his guardianship. During this period the ward resided with her mother, and she, with her infant children, and sometimes in conjunction with the guardian, seems to have cultivated the small parcel of real estate allotted to Mrs. Finnell. It may fairly be assumed that in 1861 and 1862 the rent of this land was expended either by the guardian, or by the mother, for the benefit of the infant ward, and nothing should be charged against the appellees on account of rents for those two years. They must account for the sum of money received by the guardian, with interest, and for rents for the land for the years 1863 and 1864, at the rate of $125 per annum. Interest should not be compounded after the marriage of the ward.
With these modifications the report of the master will be made the basis for the adjustment of the accounts between the parties.
Judgment reversed, and cause remanded for a judgment conforming to the principles of this opinion.